IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DANIEL ROBERT AKRE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-665-R |
|  | ) |  |
| JOE M. ALLBAUGH, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bernard Jones, Doc. 18, and Petitioner's Objection, Doc. 19. The Magistrate Judge recommended that this Court dismiss Petitioner's habeas petition under 28 U.S.C. § 2254 on jurisdictional grounds and as untimely and that this Court deny Petitioner injunctive relief, Doc. 12.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed de novo those portions of the Report and Recommendation to which Petitioner has objected. The Court concurs with the Magistrate Judge that Petitioner's habeas petition is jurisdictionally defective and untimely and that injunctive relief is inappropriate. The Court will adopt the Report and Recommendation as it pertains to denying habeas relief. It will also adopt the Report and Recommendation that injunctive relief be denied, though on slightly different grounds.

The State of Oklahoma charged Petitioner Daniel Akre with four counts of lewd molestation and one count of indecent proposal stemming from alleged conduct with a minor victim between 2003 and 2006. On February 1, 2008, Mr. Akre entered an Alford

1

Plea on all five charges. The court sentenced him to twenty years in prison on each count, to be served concurrently, with all but the first ten years suspended.

More than six years later, on June 6, 2014, Mr. Akre applied to the state trial court for post-conviction relief. His application was denied on February 24, 2016. Petitioner then filed a Petition in Error on March 24, 2016, challenging the trial court's denial. The Oklahoma Court of Criminal Appeals affirmed the trial court's denial on May 13, 2016. Petitioner was released from incarceration on July 19, 2016, and is now serving a suspended sentence.

**I. Motion for Habeas Relief**

Mr. Akre seeks habeas relief on nine grounds. Of those nine, the Magistrate Judge found that the first, along with the third through ninth, were untimely. These arguments essentially concerned some combination of the trial court's denial of a competency hearing, ineffective assistance of counsel, the denial of *Miranda* rights and/or his (allegedly coerced) waiver of them, prosecutorial misconduct, and the trial court's evidentiary rulings.

All of these arguments were untimely, according to the Magistrate Judge, under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations on state prisoners seeking habeas relief under 28 U.S.C. § 2254. Per § 2244(d)(1)(A), this limitations period generally begins to run from the date on which the conviction became final by the conclusion of direct review. As the Magistrate Judge found, Mr. Akre's conviction became final on April 7, 2008, meaning he had until April 8, 2009, to file his Petition. Mr. Akre first challenged his conviction by filing an Application for Post-Conviction Relief with the trial court on June 6, 2014. The trial court denied his application

on February 24, 2016. He then filed a Petition in Error on March 24, 2016, challenging the trial court's denial. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the trial court's decision on May 13, 2016.

Mr. Akre filed this Petition for habeas relief on June 8, 2016, more than seven years after his conviction had become final. Mr. Akre does not address this procedural time bar in his Objection to the Report and Recommendation. Consequently, Court will adopt the portion of the Report and Recommendation finding that Mr. Akre's arguments in his first and third through ninth grounds are untimely and are not saved by statutory or equitable tolling, including his state-court applications for post-conviction relief.

Mr. Akre's remaining ground for relief, his second, also fails—though not for timeliness reasons. His argument concerns the Oklahoma Sex Offender Registration Act (OSORA), which imposes requirements on him as a convicted sex offender. He believes the State is unconstitutionally applying OSORA because he was allegedly not informed of the Act's supervisory conditions before he pled guilty and because OSORA has been amended since his conviction, thereby imposing ex-post-facto requirements upon him.

The Magistrate Judge denied his OSORA-argument, finding that Mr. Akre could not advance it via petition under § 2254. The impediment was jurisdictional; the writ of habeas corpus is "used to collaterally attack the validity of a *conviction and sentence*." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (emphasis added). "The collateral consequence of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014).

OSORA's requirements, the Magistrate Judge found, are merely collateral consequences of Mr. Akre's conviction and sentence—meaning they are not subject to habeas attack.

That conclusion was correct. And to be fair, Mr. Akre's displeasure with OSORA's requirements and their accompanying social unease are more likely than not sincere. But in dismissing his argument on jurisdictional grounds, the Magistrate Judge correctly applied Tenth Circuit precedent, *Dickey v. Allbaugh*, 664 F. App'x 690, 693 (10th Cir. 2016), *cert. denied*, No. 16-1006, 2017 WL 661756 (June 26, 2017). There, the court held that OSORA's requirements do not "impose a severe restraint on [a defendant's] freedom sufficient to satisfy the 'in custody' requirement of § 2254." *Id.* And that decision was consonant with those of other federal courts of appeal evaluating states' sex-offender-regulatory schemes. *See, e.g., Wilson v. Flaherty*, 689 F.3d 332, 338 (4th Cir. 2012); *Virsnieks v. Smith,* 521 F.3d 707 (7th Cir. 2008); *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002); *Henry v. Lungren,* 164 F.3d 1240 (9th Cir. 1999); *Williamson v. Gregoire,* 151 F.3d 1180 (9th Cir. 1998).

Section 2254 is thus not a proper vehicle to challenge OSORA's requirements, and Mr. Akre's objections to the contrary are overruled.

**II. Motion for Injunctive Relief**

Petitioner has also moved for injunctive relief, asking that this Court enjoin the Oklahoma Department of Corrections from enforcing some of OSORA's requirements. Mr. Akre's qualms lie with the policy's requirement that he regularly meet with his probation officer to answer questions and take polygraph examinations, which he believes violates his Fifth Amendment privilege against self-incrimination.

4

The Magistrate Judge denied injunctive relief on the grounds that Mr. Akre's habeas motion and his Motion for Injunctive Relief seek different remedies: a party seeking a preliminary injunction must ask for intermediate relief of the same character as that which may be granted at the conclusion of the underlying case. *See De Beers Consol. v. Mines v. United States*, 325 U.S. 212, 220 (1945); *also see Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As the State argued and the Magistrate Judge concluded, Mr. Akre seeks a release from "custody" in his underlying § 2254 action, while his Motion for Injunctive Relief asks the Court to excuse him from complying with OSORA's reporting requirements; because his Motion for Injunctive Relief does not seek a release from "custody" per se, Mr. Akre cannot bring it in a § 2254 action.

The problem with denying injunctive relief on those grounds is it is not exactly clear what Mr. Akre would have this court enjoin—OSORA's supervisory conditions or those of his suspended sentence. His Motion for Injunctive Relief does not delineate between the two. And to be sure, that distinction matters. If he is challenging his suspended sentence and parole, then he is necessarily challenging the conditions of his "confinement", i.e. custody—meaning his Motion does in fact seek the same relief as his habeas Petition. But if he is arguing that OSORA's supervisory regulations themselves (and not the conditions of his suspended sentence) are violating his Fifth Amendment right against self-incrimination, then he would not seem to be challenging his sentence or conviction since, as the State argues, OSORA's regulations are only collateral consequences of his sentence of conviction. The State's positions, then, seem conflicted. When addressing Mr. Akre's habeas Petition, the State argues that Mr. Akre cannot challenge OSORA via § 2254

5

because OSORA is not part of his sentence. Now, in opposing his Motion for Injunctive Relief, the State argues his sought-after relief is inappropriate because he essentially wants a lifting of his suspended sentence which may or may not impose OSORA's requirements—a remedy he can only seek through § 2254.

In any event, the Court need not resolve this dichotomy. Even assuming that Mr. Akre can request injunctive relief in this § 2254 action, injunctive relief is not warranted here.

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, and that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Though Mr. Akre addresses none of these elements, it is his failure to show that he will prevail on the merits and that his feared injury is imminent and concrete, rather than speculative, that militates against injunctive relief.

"The privilege against self-incrimination protects the person claiming it from being compelled to give answers that would in themselves support a conviction or that would furnish a link in the chain of evidence needed to prosecute the claimant for a crime. *United States v. Jones*, 703 F.2d 473, 475 (10th Cir. 1983) (quotes omitted). "The claim of privilege cannot be sustained if the fear of self-incrimination rests on *remote and*

*speculative possibilities*; the privilege protects only against *real dangers*." *Id*. (emphasis added).

Here, Mr. Akre's fears are speculative. He argues answering his probation officer's questions "*may* incriminate him [and] provide a lead, or link in the chain of evidence in any future criminal proceedings" or in this case.[1] Doc. 12, at 1–2 (emphasis added). He notes that "[e]ven if [his] answers could not directly incriminate him, he may be in danger of a possible link in the chain of evidence [in] any future criminal proceedings . . . [or] in the instant case." *Id*. at 3.

Mr. Akre is not the first prisoner to raise these fears, and this Court surely will not be the last to dismiss them as speculative. "[P]laintiff's conclusory statement that his answers and responses to polygraph tests may be used to negate his claims of innocence is not only speculative but also raises doubts about his innocence claim." *Anderson v. Holder*, 69 F.Supp.2d 57, 62 (D.D.C. 2010); s*ee also Farmer v. Dir. of AZ. Adult Prob. Dep't*, No. CV 09-2543-PHX-RCB (MEA), 2010 WL 148221, * 3 (D. Az. Jan. 8, 2010) (holding that plaintiff failed to state a Fifth Amendment claim based on his probation officer's questions since plaintiff failed to show he would face criminal liability, rather than revoked probation, by answering the probation officer's questions). "Persons asserting a Fifth Amendment privilege are not exonerated from answering merely because they declare that in so doing they would incriminate themselves—their say-so does not of itself establish the

---

[1] As an aside, the Court seriously questions how Petitioner on one hand can argue that his habeas Petition was statutorily tolled based on the doctrine's actual-innocence exception, and on the other hand, can argue that his answering questions will invite criminal liability in this case.

7

hazards of incrimination." *Huschak v. Gray*, 642 F. Supp. 2d 1268, 1282 (D. Kan. 2009) (denying sex offender's claim that his answering his probation officer's questions would violate his privilege against self-incrimination). Mr. Akre has thus failed to show that he is entitled to injunctive relief, and his Motion is therefore denied.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned denies Petitioner a Certificate of Appealability. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his/her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003) (citing *Slack v. McDaniel, supra*). Petitioner has not made either showing and is therefore not entitled to a COA.

In sum, the Magistrate's Report and Recommendation, Doc. 18, is ADOPTED IN PART. Mr. Akre's Petition for Habeas Relief, Doc. 1, is DENIED, and the Government's Motion to Dismiss that Petition, Doc. 13, is GRANTED. The Court also DENIES Mr. Akre's Motion for Injunctive Relief, Doc. 12.

IT IS SO ORDERED this 11th day of July, 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE